**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CURTIS THORPE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:23-cv-00407** |
| | § | |
| **AMERICAN ECONOMY INSURANCE** | § | |
| **COMPANY, JOHN PRUITT,** | § | |
| **BRITTANIE GRIFFIN-WARE, AND** | § | |
| **MICHELLE ESPOSITO,** | § | |
| *Defendants.* | § | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE:

Defendants American Economy Insurance Company, Brittanie Griffin-Ware, and Michelle Esposito ("Defendants") hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Austin Division, of the action styled *Curtis Thorpe v. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware, and Michelle Esposito;* Cause No. 23-17288CCL, currently pending in the County Court at Law of Gillespie County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.**
**FACTS**

1.      Plaintiff filed the State Court Case on February 15, 2023 as the result of a dispute regarding a claim made under his homeowner's insurance policy that was issued by American Economy Insurance Company. Plaintiff alleges that Defendants wrongfully delayed and denied payment for his claim for water damage to his property.   Defendant American Economy

Insurance Company was served with Plaintiff's Original Petition and citation on March 21, 2023. Defendant Brittanie Griffin-Ware was served on March 18, 2023, and Defendant Michelle Esposito was served on March 15, 2023. Defendants timely filed their Original Answer on April 7, 2023 and generally denied Plaintiff's claims. To date, Defendant John Pruitt has not been served. A true and correct copy of all pleadings, process, orders and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

2.      Plaintiff alleges that Defendant American Economy breached the insurance contract, violated various provisions of the Texas Insurance Code, and breached the duty of good faith and fair dealing in connection with the handling of his claim for alleged water damage. Plaintiff alleges that the individually named adjusters violated the Texas Insurance Code in connection with their handling of his claim. Plaintiff seeks damages in the amount of his claim plus late payment penalties of the Texas Insurance Code, and reasonable and necessary attorney's fees. Plaintiff's Original Petition (the "Petition") at ¶¶ 79, 81. Plaintiff also seeks mental anguish damages and treble damages based on the allegation that Defendants' conduct was committed knowingly. Petition at ¶ 80.

3.      In accordance with standard Texas practice, Plaintiff's Petition fails to specifically state the total amount of damages sought in this action, only generally alleging that they seek monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Petition, at ¶ 7. However, in his pre-suit notice served pursuant to the Texas Insurance Code, Plaintiff identifies an estimated cost of repair of $162,774.57 as well as $1,250.00 in additional damages and $5,250.00 in reasonable and necessary attorney's fees incurred up to the date of the notice. Accordingly, Plaintiff seeks damages in excess of $75,000.00 exclusive of interest and costs.

4.      Complete diversity exists between the Plaintiff and Defendants as of the date of this filing. Plaintiff is a citizen and resident of the State of Texas.  Petition at ¶ 2. American Economy Insurance Company is an insurance company incorporated in the State of Indiana and its principal place of business is Boston, Massachusetts. Brittanie Griffin-Ware and Michelle Esposito are citizens of the State of Texas, but American Economy Insurance Company has elected to adopt any liability that Griffin-Ware and Esposito may have to the Plaintiff pursuant to Section 542A.006 of the Texas Insurance Code. See Correspondence to Attorney Michael R. Ramsey, dated June 27, 2022, and attached hereto as Exhibit "E". [1] Accordingly, Griffin-Ware and Esposito are improperly joined and must be dismissed from this action. See *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469 (5th Cir. 2022).

5.      Plaintiff did make a jury demand in the State Court case.

6.      This is a civil action which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and the properly joined Defendant American Economy Insurance Company is not a citizen of the State of Texas.

## II.
## PROCEDURAL REQUIREMENTS

7.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

8       Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the County Clerk of Gillespie County, Texas promptly after the filing of this Notice.

9.      Attached hereto and incorporated herein, are the following items:

---

[1] John Pruitt, who has not yet been served, is a citizen of the State of North Carolina. Defendant American Economy has also elected to adopt Pruitt's liability. See Ex. "E."

Exhibit A:    A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:    State Court docket sheet.

Exhibit C:    List of all counsel of record.

Exhibit D:    Index of all documents filed with the Court.

Exhibit E:    Correspondence to Michael R. Ramsey.

WHEREFORE, PREMISES CONSIDERED, Defendants request that this action be removed from the County Court at Law of Gillespie County, Texas to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By:   _/s/ Catherine L. Hanna_____
    Catherine L. Hanna
    State Bar No. 08918280
    channa@hannaplaut.com
    Alexander P. Sheppard
    State Bar No. 24106427
    asheppard@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS
AMERICAN ECONOMY INSURANCE
COMPANY, BRITTANIE GRIFFIN-WARE,
AND MICHELLE ESPOSITO**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service on this 11th day of April, 2023 to:

Michael R. Ramsey                                    ***<u>Via Email: docket@byrdramsey.com</u>***
Katherine D. Ramsey
Jason M. Byrd
BYRD RAMSEY
6280 Delaware Street, Ste. A
Beaumont, Texas 77706
*Attorneys for Plaintiff*


       *<u>/s/ Catherine L. Hanna</u>*
       Catherine L. Hanna

# EXHIBIT A



**null / ALL**
**Transmittal Number: 26599451**
**Date Processed: 03/22/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith, Hm Office Lgl SOP Paralegal<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | American Economy Insurance Company<br>Entity ID Number  2780984 |
| **Entity Served:** | American Economy Insurance Company |
| **Title of Action:** | Curtis Thorpe vs. American Economy Insurance Company |
| **Matter Name/ID:** | Curtis Thorpe vs. American Economy Insurance Company (12361848) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Gillespie County Court at Law, TX |
| **Case/Reference No:** | 23-17288CCL |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/21/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Byrd Ramsey<br>409-202-2020 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

DEFENDANT'S COPY

# CITATION

**CLERK OF THE 216th DISTRICT COURT**  §     **Attorney for Plaintiff**
**Honorable Jan Davis, District Clerk**  §     Honorable Michael R. Ramsey
Gillespie County, Texas  §     Byrd Ramsey
101 West Main Street, Room #204  §     6280 Delaware Street, Suite A
Fredericksburg, Texas 78624  §     Beaumont, TX  77706

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    American Economy Insurance Company, Defendant
       By Serving Registered Agent, Corporation Service Company
       211 E. 7th Street, Suite 620
       Austin, Texas 78702-3218, or wherever else it may be found

GREETINGS:  You are commanded to appear by filing a written answer to the Original Petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the County Court At Law of Texas, at the Courthouse in Fredericksburg, Texas.

Said Original Petition was filed on February 15, 2023.

The file number of said suit being:  **23-17288CCL**

The style of the case is:  **Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware And Michelle Esposito**

A copy of the Plaintiff's Original Petition accompanies this citation.

Issued on this the 17th day of February, 2023.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Fredericksburg, Texas, on this the 17th day of February, 2023.

Jan Davis, District Clerk
216th District Court
Gillespie County, Texas

By: _Kim Durst_
Kim Durst, Deputy

DEFENDANT'S COPY

# OFFICER'S RETURN

Cause No. 23-17288CCL        County Court At Law        Gillespie County, Texas

Styled:   **Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware And Michelle Esposito**

ADDRESS FOR SERVICE:    American Economy Insurance Company, Defendant
By Serving Registered Agent, Corporation Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78702-3218, or wherever else it may be found

Came to hand on the _____ day of _____ . 20__ , at _____ , o'clock___m. and executed in _____ County, Texas by delivering to each of the within named defendant in person, a true copy of this Original Petition and with the date of delivery endorsed thereon, together with the accompanying Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |

And not executed as to the Defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy $_____
Total                      $_____

_____ , Officer
_____ , County, Texas
By:_____ , Deputy
_____ Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____ , my date of birth is _____ , and my address is _____ .
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____ , on the ___ day of _____ .

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification

DEFENDANT'S COPY

DEFENDANT'S COPY

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

CAUSE NO. _____ 23-17288CCL

| | | |
|---|---|---|
| CURTIS THORPE | § | IN THE ~~DISTRICT~~ COURT ~~XX~~ AT LAW |
| | § | |
| VS. | § | GILLESPIE COUNTY, TEXAS |
| | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY, JOHN PRUITT, | § | |
| BRITTANIE GRIFFIN-WARE, AND, | § | |
| MICHELLE ESPOSITO | § | ____ ~~XXXXXXXXXXXXXXXX~~ |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Curtis Thorpe ("**Plaintiff**"), and files this Plaintiff's Original Petition, complaining of Defendants American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware and Michelle Esposito (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2.      Plaintiff Curtis Thorpe is an individual with property in Gillespie County, Texas.

3.      Defendant American Economy Insurance Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218, or wherever else it may be found.

4.      Defendant John Pruitt is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not

DEFENDANT'S COPY

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at 320 Cleek Drive, Summerfield, North Carolina 27358, or wherever else he may be found.

5.    Defendant Brittanie Griffin-Ware is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant may be served with process via personal process at 1300 N. Custer Rd., No. 8325, Allen, Texas 75013, or wherever else she may be found.

6.    Defendant Michelle Esposito is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. This Defendant may be served by certified mail, return receipt requested at 7900 Windrose Ave., Plano, Texas 75024-0266, or wherever else she may be found.

## JURISDICTION

7.    The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiff is seeking only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff reserves the right to amend this amount as discovery continues.

8.    The court has jurisdiction over Defendant American Economy Insurance Company because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's cause of action arose out of this Defendant's business activities in the state of Texas.

9.    The court has jurisdiction over Defendants John Pruitt, Brittanie Griffin-Ware and Michelle Esposito because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiff's cause of action arose out of these Defendants' business activities in the State of Texas.

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

## VENUE

10.     Venue in this cause is proper in Gillespie County because the insured property is situated in Gillespie County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

11.     Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by American Economy Insurance Company (referred to hereinafter as "**Insurance Company**").

12.     Plaintiff owns the insured property, which is specifically located at 187 Ramsey Rd., Fredericksburg, Texas 78624 (hereinafter referred to as "**the Property**").

13.     Insurance Company sold the Policy insuring the Property to Plaintiff.

14.     Plaintiff sustained water damage to the following areas of the Property due to a water leak:  Exterior, Kitchen/Breakfast area, Utility Room, Dining Room, Entry/Foyer, Formal Living Rom, Stair Closet, Great Room, Powder Room, Master Bedroom, Master Bath and Master Closet.  Plaintiff filed a claim with his Insurance Company for the damages to his home.

15.     Pursuant to the Policy, Plaintiff asked that the Insurance Company to pay for the damage to the Property.

16.     The Insurance Company assigned Defendants, John Pruitt ("Pruitt"), Brittanie Griffin-Ware ("Griffin-Ware") and Michelle Esposito ("Esposito") (referred to collectively, hereinafter as "Adjusters") as individual adjusters on the claim.  The Adjusters were improperly trained and failed to perform a thorough and sufficient investigation of Plaintiff's claim.

17.     The Field Adjuster/Claim Representative/Estimator assigned to the claim was Pruitt.  Pruitt was an employee of American Economy Insurance Company.  Pruitt performed a physical inspection of the Property on July 27, 2021 to evaluate the damages.

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

18.     Pruitt prepared an estimate showing the replacement cost value of the Dwelling of $65,354.44. However, many of the items on the estimate were undervalued and other items were not included.

19.     Griffin was the rebuild adjuster who reviewed and approved the estimate and approved the check for damages.

20.     Plaintiff attempted to contact Adjusters on numerous occasions to explain the underestimation of the damages and was not successful. This included emails to Esposito on the status of the claim.

21.     Plaintiff called and left voicemails numerous times without receiving a call back.

22.     Plaintiff emailed numerous times without hearing back.

23.     The water damage to the entire property were wholly underestimated on the estimates prepared by the Adjusters and that underestimation of damages by the Adjusters was subsequently ratified and approved by Insurance Company.

24.     Adjusters' estimates did not allow adequate funds to cover the cost of repairs to all the damages sustained.

25.     Adjusters' inadequate investigation was ratified by Insurance Company in this matter and resulted in the claim being grossly underpaid.

26.     Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned Adjusters, ultimately approving and adopting an improper adjustment and in inadequate, unfair settlement of Plaintiff's claim.

27.     The unreasonable investigation resulted in the considerable underpayment of Plaintiff's claim.

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

28.     Together, Defendants Insurance Company and Adjusters set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiff, and failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiff.

29.     The mishandling of the claim has also caused a delay in Plaintiff's ability to fully repair his Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive full payment under the insurance policy.

30.     The Insurance Company ratified the Adjuster's inadequate methods and investigation, resulting in Plaintiff's claims being undervalued and underpaid.  Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

31.     As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Insurance Company denied Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

32.     Insurance Company continues to delay paying Plaintiff for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his Property.

33.     Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiff's damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code.  However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiff for monies owed to him under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiff.

34.    Defendants Insurance Company and Adjusters misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

35.    Defendants Insurance Company and Adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

36.    Defendants Insurance Company and Adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. As such, Defendants Insurance Company's and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Filed 2/15/2023 4:31 PM
Jan Davi:
District Clerl
Gillespie County, Texa:
By Kim Durs

37.    Defendants Insurance Company and Adjusters failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company and Adjusters. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

38.    Defendants Insurance Company and Adjusters refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company and Adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

39.    After receiving notice of Plaintiff's claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiff's claim, begin an investigation of Plaintiff's claim and request all information reasonably necessary to investigate Plaintiff's claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

40.    Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

41.     Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

42.     From and after the time Plaintiff's claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

43.     Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

44.     Defendants' wrongful acts and omissions, as further detailed herein, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTERS

45.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 44 as if fully set forth *verbatim*.

46.     Insurance Company assigned Adjusters to adjust the claim. Adjusters were

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, Adjusters failed to properly assess Plaintiff's damages. Adjusters also omitted covered damages from their report.

47.    As such, Adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

48.    Adjusters are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Insurance Company, each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

49.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusters' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation

9

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

Plaintiff received. Adjusters' unfair settlement practice, as described above and

the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at

issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in

the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.    Adjusters' unfair settlement practice, as described above, of failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability

under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

51.    Adjusters failed to explain to Plaintiff the reason for their inadequate settlement.

Specifically, Adjusters failed to offer Plaintiff adequate compensation without any explanation as

to why full payment was not being made. Furthermore, Adjusters did not communicate that any

future settlements or payments would be forthcoming to pay for the entire losses covered under

the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's

claim. The unfair settlement practice of Adjusters, as described above, of failing to promptly

provide Plaintiff with a reasonable explanation of the basis as set forth in the Policy, in relation to

the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. TEX. INS. CODE §541.060(3).

52.    Adjusters' unfair settlement practice, as described above, of failing within a

reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or

practice in the business of insurance. TEX. INS. CODE §541.060(4).

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

53.    Adjusters did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, although reported by Plaintiff. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

CAUSES OF ACTION AGAINST
AMERICAN ECONOMY INSURANCE COMPANY

54.    In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 53 as if fully set forth *verbatim*.

55.    Insurance Company is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**BREACH OF CONTRACT**

56.    Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiff.

57.    Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiff.

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

58.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

59.     Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

60.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

61.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

62.     Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

63.     Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

12

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

64.      Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

65.      Insurance Company's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

66.      Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

67.      Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

68.      In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 67 as if fully set forth *verbatim*.

69.      Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

70.      Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

13

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

71.    In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 70 as if fully set forth *verbatim.*

72.    Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in his Policy.

73.    Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

74.    In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 73 as if fully set forth *verbatim.*

75.    All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

76.    In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 75 as if fully set forth *verbatim.*

77.    Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

78.    As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden

to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

violation of the laws set forth above.

79.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorneys' fees.

80.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff is entitled to three times his actual damages. TEX. INS. CODE §541.152.

81.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

82.    For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

83.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

84.    Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Gillespie County, Texas. Plaintiff is tendering the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to

Filed 2/15/2023 4:31 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees.

In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**BYRD RAMSEY**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
Jason M. Byrd
State Bar No. 24036303
6280 Delaware Street, Suite A
Beaumont, Texas 77706
T: 409.202.2020
F: 409.444.2021
docket@byrdramsey.com

**ATTORNEYS FOR PLAINTIFF**

16

Filed 4/7/2023 11:29 AM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

## CAUSE NO. 23-17288CCL

| | | |
|---|---|---|
| **CURTIS THORPE,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW** |
| | § | |
| **AMERICAN ECONOMY INSURANCE** | § | |
| **COMPANY, JOHN PRUITT,** | § | |
| **BRITTANIE GRIFFIN-WARE, AND** | § | |
| **MICHELLE ESPOSITO** | § | |
| *Defendants.* | § | **GILLESPIE COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, American Economy Insurance Company, Brittanie Griffin-Ware, and Michelle Esposito, and file this Original Answer to Plaintiff's Original Petition, and for such would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants deny each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants American Economy Insurance Company, Brittanie Griffin-Ware, and Michelle Esposito respectfully pray that upon final hearing hereof, Plaintiff Curtis Thorpe take nothing by reason of this action, that Defendants be awarded their costs of court, and for such other and further relief to which they may show themselves justly entitled.

*{Signature on the following page}*

Filed 4/7/2023 11:29 AM
Jan Davis
District Clerk
Gillespie County, Texas
By Kim Durst

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205


By:   */s/ Catherine L. Hanna*
      Catherine L. Hanna
      State Bar No. 08918280
      channa@hannaplaut.com
      Alexander P. Sheppard
      State Bar No. 24106427
      asheppard@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS
AMERICAN ECONOMY INSURANCE
COMPANY, BRITTANIE GRIFFIN-WARE,
AND MICHELLE ESPOSITO**




**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service on this 7th day of April, 2023 to:

Michael R. Ramsey              ***Via Email: <u>docket@byrdramsey.com</u>***
Katherine D. Ramsey
Jason M. Byrd
BYRD RAMSEY
6280 Delaware Street, Ste. A
Beaumont, Texas 77706
*Attorneys for Plaintiff*


      */s/ Catherine L. Hanna*
      Catherine L. Hanna

---

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elina Lupin on behalf of Catherine Hanna
Bar No. 08918280
elupin@hannaplaut.com
Envelope ID: 74441071
Filing Code Description: Answer/Response
Filing Description: Defs' Original Answer
Status as of 4/10/2023 8:37 AM CST

Associated Case Party: Curtis Thorpe

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Ramsey | | docket@byrdramsey.com | 4/7/2023 11:29:47 AM | SENT |

Associated Case Party: Michelle Esposito

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elina Lupin | | elupin@hannaplaut.com | 4/7/2023 11:29:47 AM | SENT |
| Alexander Sheppard | | asheppard@hannaplaut.com | 4/7/2023 11:29:47 AM | SENT |
| Catherine Hanna | | channa@hannaplaut.com | 4/7/2023 11:29:47 AM | SENT |



RETURN TO COURT

# CITATION

| | | |
|---|---|---|
| **CLERK OF THE 216ᵗʰ DISTRICT COURT** | § | **Attorney for Plaintiff** |
| **Honorable Jan Davis, District Clerk** | § | Honorable Michael R. Ramsey |
| Gillespie County, Texas | § | Byrd Ramsey |
| 101 West Main Street, Room #204 | § | 6280 Delaware Street, Suite A |
| Fredericksburg, Texas 78624 | § | Beaumont, TX 77706 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   American Economy Insurance Company, Defendant
      By Serving Registered Agent, Corporation Service Company
      211 E. 7ᵗʰ Street, Suite 620
      Austin, Texas 78702-3218, or wherever else it may be found

GREETINGS: You are commanded to appear by filing a written answer to the Original Petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the County Court At Law of Texas, at the Courthouse in Fredericksburg, Texas.

Said Original Petition was filed on February 15, 2023.

The file number of said suit being:  **23-17288CCL**

The style of the case is:  **Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware And Michelle Esposito**

A copy of the Plaintiff's Original Petition accompanies this citation.

Issued on this the 17th day of February, 2023.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Fredericksburg, Texas, on this the 17th day of February, 2023.

Jan Davis, District Clerk
216ᵗʰ District Court
Gillespie County, Texas

By: _Kim Durst_
Kim Durst, Deputy



RETURN TO COURT

## OFFICER'S RETURN

Cause No. 23-17288CCL        County Court At Law        Gillespie County, Texas

Styled:   **Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware And Michelle Esposito**

**ADDRESS FOR SERVICE:**    American Economy Insurance Company, Defendant
By Serving Registered Agent, Corporation Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78702-3218, or wherever else it may be found

Came to hand on the 27th day of February . 2023, at 1:00 ,
o'clock P m. and executed in _____ County, Texas by delivering to each of the within
named defendant in person, a true copy of this Original Petition and with the date of delivery endorsed
thereon, together with the accompanying Citation at the following times and places, to-wit:

| Name | Date/Time 11:32 am | Place, Course and Distance from Courthouse |

American Economy Insurance Co. 3/21/23 at    211 E. 7th St. Ste 620 Austin TX 78701

And not executed as to the Defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

And the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**
Serving Petition and Copy $_____
Total        $53.00

_____, Officer
_____, County, Texas
By:_____, Deputy
_____ Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign
the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of
perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address is
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the ____day of _____.

_____
Declarant/Authorized Process Server
_____
(Id # & expiration of certification





**SENDER: COMPLETE THIS SECTION**

■ Ensure Items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American Economy Insurance Co.
By Serving Its Registered Agent
211 E 7th St Ste 620
Austin TX 78701-3218

9490 9118 9956 2789 6733 10

2. Article Number *(Transfer from service label)*
9414 7118 9956 2789 6731 70

PS Form 3811 Facsimile, July 2015 (SDC 3930)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ *Addressee or* ☐ *Agent*)
X   Viva Tejas Logistics (AAO)

B. Received By: *(Printed Name)*          C. Date of Delivery
MAR 21 2023

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below.          ☐ No
David Grant

3. Service Type
☑ Certified Mail®

Domestic Return Receipt

# CITATION

| CLERK OF THE 216th DISTRICT COURT | § | Attorney for Plaintiff |
|---|---|---|
| Honorable Jan Davis, District Clerk | § | Honorable Michael R. Ramsey |
| Gillespie County, Texas | § | Byrd Ramsey |
| 101 West Main Street, Room #204 | § | 6280 Delaware Street, Suite A |
| Fredericksburg, Texas 78624 | § | Beaumont, TX 77706 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    Brittanie Griffin-Ware, Defendant
       1300 N. Cluster Road, #8325
       Allen, Texas 75013, or wherever else she may be found

GREETINGS: You are commanded to appear by filing a written answer to the Original Petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the County Court At Law of Texas, at the Courthouse in Fredericksburg, Texas.

Said Original Petition was filed on February 15, 2023.

The file number of said suit being:   **23-17288CCL**

The style of the case is:  **Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware And Michelle Esposito**

A copy of the Plaintiff's Original Petition accompanies this citation.

Issued on this the 17th day of February, 2023.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Fredericksburg, Texas, on this the 17th day of February, 2023.

Jan Davis, District Clerk
216th District Court
Gillespie County, Texas

By: _Kim Durst_
Kim Durst, Deputy

IN THE 216TH JUDICIAL DISTRICT
GILLESPIE COUNTY, TEXAS

CAUSE NO. 23-17238CCL

CURTIS THORPE
VS
AMERICAN ECONOMY INSURANCE COMPANY, ET AL.

RETURN

Came to my hand: _____ , at _____ o'clock _____ , the following specified documents:

- Citation
- Plaintiff's Original Petition
- Jury Demand

and executed by me on 03/18/2023 at 10:15 o'clock A.M.. at 900 GORDON HEIGHTS LANE, FRISCO, TX 75033 within the county of DENTON, by delivering to BRITTANIE GRIFFIN-WARE in person a true copy of the above specified documents having first endorsed on such copy the date of delivery.

The above-named defendant/respondent indicated that he/she is not an active member of the armed forces of the United States of America

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct

By (print name) _____

PSC NO: _____

Expiration Date: _____ /20_____

STATE OF TEXAS }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the ____ day of _____, 2023.

_____
Notary Public

# CITATION

**CLERK OF THE 216ᵗʰ DISTRICT COURT**   §   **Attorney for Plaintiff**
**Honorable Jan Davis, District Clerk**   §   Honorable Michael R. Ramsey
Gillespie County, Texas                  §   Byrd Ramsey
101 West Main Street, Room #204          §   6280 Delaware Street, Suite A
Fredericksburg, Texas 78624             §   Beaumont, TX 77706

## THE STATE OF TEXAS

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   Michelle Esposito, Defendant
      7900 Windrose Avenue
      Plano, Texas 75024-0266. or wherever else she may be found

GREETINGS:  You are commanded to appear by filing a written answer to the Original Petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the County Court At Law of Texas, at the Courthouse in Fredericksburg, Texas.

Said Original Petition was filed on February 15, 2023.

The file number of said suit being:  **23-17288CCL**

The style of the case is:  **Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware And Michelle Esposito**

A copy of the Plaintiff's Original Petition accompanies this citation.

Issued on this the 17th day of February, 2023.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Fredericksburg, Texas, on this the 17th day of February, 2023.

Jan Davis, District Clerk
216ᵗʰ District Court
Gillespie County, Texas

By: _Kim Durst_
    Kim Durst, Deputy

IN THE COUNTY COURT AT LAW
COUNTY OF GILLESPIE, STATE OF TEXAS
CAUSE NO.23-17288CCL
CURTIS THORPE, PLAINTIFF
VS.
AMERICAN ECONOMY INSURANCE COMPANY, ET AL
DEFENDANTS

RETURN

Came to my hand: **2/28/2023 at 9:35 AM,**
• CITATION
• PLAINTIFF'S ORIGINAL PETITION

Executed by me on: , Mar 15, 2023, 8:23 am CDT

Executed at: **3819 White Summit Ln, Melissa, TX 75454** within the county of Collin by delivering to MICHELLE ESPOSITO in person, a true copy of the above specified documents

I am over the age of 18; and I am not a party to nor interested in the outcome of the above styled and numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

_____        3-15-2023
Abraham Rojas                                                Date
PSC#20788 EXP: 2/29/2024

C/O
ASSURED CIVIL PROCESS AGENCY
5926 BALCONES DRIVE, SUITE 290
AUSTIN, TX 78731

STATE OF TEXAS        }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his personal knowledge to be true and correct. Given under my hand and seal of office on this the (15TH) day of MARCH), 2023

_____
Notary Public

# EXHIBIT B

# REGISTER OF ACTIONS
## CASE NO. 23-17288CCL

| | | | |
|---|---|---|---|
| Curtis Thorpe vs. American Economy Insurance Company, John Pruitt, Brittanie Griffin-Ware, Michelle Esposito | §<br>§<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location: | **Other Civil Cases**<br>**02/15/2023**<br>**County Court at Law** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| Defendant | **American Economy Insurance Company** | | **Attorneys**<br>**Catherine L. Hanna**<br>*Retained*<br>512-472-7700(W) |
| Defendant | **Esposito, Michelle** | | **Catherine L. Hanna**<br>*Retained*<br>512-472-7700(W) |
| Defendant | **Griffin-Ware, Brittanie** | | **Catherine L. Hanna**<br>*Retained*<br>512-472-7700(W) |
| Defendant | **Pruitt, John** | | |
| Plaintiff | **Thorpe, Curtis** | | **Michael R. Ramsey**<br>*Retained*<br>409-444-2020(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 02/15/2023 | **Original Petition**<br>*Plaintiff's* | |
| 02/15/2023 | **Request**<br>*Letter to Clerk Requesting Citations* | |
| 02/17/2023 | **Citation Issued**<br>*for: American Economy Insurance Company; Mailed back to Atty. for service* | |
| 02/17/2023 | **Citation**<br>*for: Amer. Economy Inc. Co. Mailed back to Atty.*<br>American Economy Insurance Company | Unserved |
| 02/17/2023 | **Citation Issued**<br>*for: John Pruitt; Mailed back to Atty. for service* | |
| 02/17/2023 | **Citation**<br>*for: John Pruitt; Mailed back to Atty.*<br>Pruitt, John | Unserved |
| 02/17/2023 | **Citation Issued**<br>*for: Brittanie Griffin-Ware; Mailed back to Atty. for service* | |
| 02/17/2023 | **Citation**<br>*for: Brittanie Griffin-Ware; Mailed back to Atty. for service*<br>Griffin-Ware, Brittanie | Unserved |
| 02/17/2023 | **Citation Issued**<br>*for: Michelle Esposito; Mailed back to Atty. for service* | |
| 02/17/2023 | **Citation**<br>*for: Michelle Esposito; Mailed back to Atty. for service*<br>Esposito, Michelle | Unserved |
| 04/07/2023 | **Answer/Response**<br>*Defs' Original Answer* | |
| 04/10/2023 | **Citation Returned Served**<br>*ROS- American Economy* | |
| 04/10/2023 | **Citation Returned Served**<br>*ROS- Ware* | |
| 04/10/2023 | **Citation Returned Served**<br>*ROS- Esposito* | |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** Thorpe, Curtis | |
| Total Financial Assessment | 446.00 |
| Total Payments and Credits | 446.00 |
| **Balance Due as of 04/11/2023** | **0.00** |

| 02/16/2023 | Transaction Assessment | | | 446.00 |
| 02/16/2023 | E-File Payment | Receipt # DC-37003 | Thorpe, Curtis | (309.00) |
| 02/16/2023 | State Credit | | | (137.00) |

# EXHIBIT C

## LIST OF ALL COUNSEL OF RECORD

Catherine L. Hanna
State Bar No. 08918280
channa@hannaplaut.com
Alexander P. Sheppard
State Bar No. 24106427
asheppard@hannaplaut.com
**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205
*Attorneys for Defendants American Economy Insurance Company, Brittanie Griffin-Ware, and Michelle Esposito*


Michael R. Ramsey
State Bar No. 16520200
Katherine D. Ramsey
State Bar No. 24070469
Jason M. Byrd
State Bar No. 24036303
**BYRD RAMSEY**
6280 Delaware Street, Ste. A
Beaumont, Texas 77706
Telephone:     (409) 202-2020
Facsimile:     (409) 444-2021
docket@byrdramsey.com
*Attorneys for Plaintiff Curtis Thorpe*

# EXHIBIT D

## INDEX OF ALL DOCUMENTS FILED WITH THE COURT

1.      Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY).

2.      True and correct copies of all pleadings, process and orders served in this action.

3.      State Court Docket Sheet.

4.      List of all Counsel of Record.

5.      Correspondence to Michael R. Ramsey dated June 27, 2022.

# EXHIBIT E

# HANNA & PLAUT LLP
## ATTORNEYS AT LAW

Southwest Tower
211 East Seventh Street, Suite 600
Austin, Texas   78701
_____

Telephone (512) 472-7700
Facsimile (512) 472-0205
www.hannaplaut.com

June 27, 2022

***Via E-Mail: ramseydocket@ramseylaw.com***
Michael R. Ramsey
RAMSEY LAW
6280 Delaware St., Suite A
Beaumont, Texas 77706

|  |  |  |
|---|---|---|
| Insured | : | Curtis Thorpe |
| Claim No. | : | 046299812-01 |
| Policy No. | : | OY8240202 |
| Location of Loss: | : | 187 Ramsey Rd., Fredericksburg, TX 78624 |

Dear Mr. Ramsey:

Our firm represents American Economy Insurance Company in connection with the above-referenced matter. On May 19, 2022, you sent a demand letter alleging that American Economy committed various violations of the Texas Insurance Code.

Pursuant to § 542A.006, this letter serves as American Economy Insurance Company's election in writing to accept whatever liability Jonathan Pruitt, Brittanie Griffin-Ware, and Michelle Esposito might have to your client, Curtis Thorpe, for any acts or omissions related to the above-referenced insurance claim. *See* Tex. Ins. Code § 542A.006.

In addition, please let this letter serve as a formal request to inspect, evaluate, and photograph Mr. Thorpe's property as allowed under Texas law. Please discuss with your client as to an acceptable date and time and communicate with our office as soon as soon possible so that this inspection can be scheduled expeditiously.

Thank you for your attention to this matter.

Sincerely,

*/s/ Catherine L. Hanna*

Catherine L. Hanna

cc:   Ana P. Navarrete [Firm]